UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA RING,

           Plaintiff,

v.                                              Case No.   19-cv-00772-VMC-JSS

BOCA CIEGA YACHT CLUB, INC.,

           Defendant.
_____/

## CASE MANAGEMENT REPORT

The Parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures | 05/22/2019 |
| Certificate of Interested Persons and Corporate Disclosure Statement [Each party who has not previously filed must file immediately] | Completed |
| Motions to Add Parties or to Amend Pleadings | 05/22/2019 |
| Disclosure of Expert Reports | 10/23/2019 |
| Discovery Deadline | 11/20/2019 |
| Dispositive Motions, *Daubert,* and *Markman* Motions | 12/18/2019 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement [Court will set a date] | |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at: chambers_flmd_covington@flmd.uscourts.gov.) [Court will set a date] | 04/15/2020 |
| All Other Motions Including Motions *In Limine* [Court requires 2 months before Trial term begins] | 03/04/2020 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Final Pretrial Conference<br>[Court will set a date]] | |
| Trial Term Begins<br>[Trial term must not be less than 5 months after dispositive motions deadline; district judge trial terms begins first Monday of each month] | 05/04/2020 |
| Estimated Length of Trial | 3 Days |
| Jury / Non-Jury | Jury |
| Mediation Deadline:<br><br>Mediator:         Karl Brandes, Esq., Phelps Dunbar, LLP<br>Address:         100 S. Ashley Drive, Suite 1900<br>                       Tampa, FL 33062<br>Telephone:     (813) 472-7550 | 01/29/2020<br><br>Karl Brandes, Esq. |
| All Parties Consent to Proceed Before Magistrate Judge | No; unlikely to consent in future |

## I.     Preparation of the Case Management Report

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held by telephone on Monday, April 22, 2019, and was attended by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| Marcy LaHart | Plaintiff |
| Denese Venza | Plaintiff |
| Elisabeth Fontugne | Defendant. |

Once the Parties have met and a case management report has been filed, discovery in this case can commence.

## II.    Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

The Parties have agreed to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) – (D) by May 22, 2019.

2

**III.     Electronic Discovery**

The Parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

\_\_\_   No party anticipates the disclosure or discovery of ESI in this case;

_X_   One or more of the Parties anticipate the disclosure or discovery of ESI in this case.

The Parties discussed and agreed that production of ESI should be done in pdf which are conveyed electronically via email, drop box, or zip file. Further ESI issues, if any, including but not limited to metadata, production, and/or retrieval, etc., will addressed on an *ad hoc* basis.

The Parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement —**

All Parties have filed a Certificate of Interested Persons and Corporate Disclosure Statement.

    **B.     Discovery Not Filed —**

The Parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. See M.D. Fla. R. 3.03 (e).

    **C.     Limits on Discovery —**

Absent leave of Court, the Parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent

leave of Court, the Parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the Parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The Parties may agree by stipulation on other limits on discovery. The Court will consider the Parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29.

The Parties further agree to comply with the Federal Rules of Civil Procedure and the Middle District Local Rules regarding discovery and do not make any other agreements regarding discovery.

**D.     Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E.     Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the Parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F.     Confidentiality Agreements** —

Whether documents filed in a case may be filed under seal is a separate issue from

whether the Parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the Parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The Parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."

  G.  **Other Matters Regarding Discovery —**

None at this time

**V.**  **Settlement and Alternative Dispute Resolution**.

  A.  **Settlement —**

The Parties agree that settlement is unlikely at this juncture.

The Parties are not likely to request a settlement conference before a United States Magistrate Judge in the future.

  B.  **Arbitration —**

The Parties do not agree to arbitration and are not likely to agree to arbitrate in the future.

**C.     Mediation —**

The Parties have agreed to Karl Brandes, Esq. of Phelps Dunbar, LLP to serve as mediator in this case who is on the Court's approved list of mediators.

**D.     Other Alternative Dispute Resolution —**

The Parties intend to pursue private mediation as an alternative dispute resolution method.

Jointly submitted this 22nd day of April, 2019.

| | |
|---|---|
| BY: <br> MARCY I. LAHART, P.A. <br> 207 SE Tuscawilla Road <br> Micanopy, FL 32667 <br> Telephone (352) 545-7001 <br> Facsimile (888) 400-1464 <br> marcy@floridaanimallawyer.com <br><br> /s/*Marcy I LaHart* <br> **Marcy I. LaHart, Esq.** <br> Florida Bar No. 0967009 <br><br> *and* <br><br> VENZA LAW, PLLC <br> 931 Village Blvd., #905-322 <br> West Palm Beach, FL 33409 <br> Phone (561) 596-6329 <br> dvenza@venzalawpllc.com <br><br> /s/*Denese Venza* <br> **Denese Venza, Esq.** <br> Florida Bar No. 599220 <br> *Counsel for Plaintiff* | BY: <br> COLE, SCOTT & KISSANE, P.A. <br> 4301 West Boy Scout Boulevard, Suite 400 <br> Tampa, FL 33067 <br> Telephone (813) 864-9324 <br> Facsimile (813) 286-2900 <br> Elisabeth.fontugne@csklegal.com <br><br> /s/ *Elisabeth Fontugne* <br> **Elisabeth Fontugne, Esq.** <br> Florida Bar No. 115954 <br> *Counsel for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22nd, 2019, I electronically filed the foregoing with the Clerk of Court for United States District Court, Middle District of Florida, by using the CM/ECF system, which will send a copy of the document and notice of electronic filing to all counsel of record.

BY: *s/Denese Venza*
*Counsel for Plaintiffs*