**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SAMANTHA RING,**

    **Plaintiff,**

v.                                       Case No.: 8:19-cv-00772-VMC-JSS

**BOCA CIEGA YACHT CLUB, INC.,**

    **Defendant.**
_____/

**DEFENDANT BOCA CIEGA YACHT CLUB'S**
**MOTION FOR RECONSIDERATION OF ORDER**
**CONFIRMING PLAINTIFF'S VOLUNTARY DISMISSAL**
**OF CLAIMS AND DENYING BCYC'S MOTION TO DISMISS AS MOOT**

In accordance with Federal Rule of Civil Procedure 54(b), Defendant Boca Ciega Yacht Club, Inc. ("BCYC") hereby moves this Court to reconsider its July 24, 2019 Orders[1] on the following three grounds:

1. Under Federal Rule of Procedure 41(a)(1)(A)(i), Ms. Ring could not pick and choose which claims to voluntarily dismiss against BCYC; she had to dismiss all claims against BCYC, or else move to amend the First Amended Complaint to eliminate Count IV.

2. The Florida Commission on Human Relations has now confirmed in writing that it has no record of Samantha Ring's Charge of Discrimination filed against BCYC, which establishes that Ms. Ring did not exhaust her administrative remedies under the FCRA.

3. Under Florida precedent, Ms. Ring's FCRA claims were due to be dismissed with prejudice for failure to exhaust administrative remedies, as these claims never accrued once they were prematurely asserted in her First Amended Complaint.

---

[1] Dkt. 31, Dkt. 32.

For the foregoing reasons, BCYC respectfully moves this Court to reconsider its July 24, 2019 Orders and affirm the dismissal of Ms. Ring's FRCA claims with prejudice.

## MEMORANDUM OF LAW

### A. BACKGROUND

This action arises from Plaintiff Samantha Ring's claims that BCYC failed to accommodate her alleged disability by refusing to allow her to bring her claimed service animal—a Border Collie mix named Piper—into the BCYC Clubhouse, then retaliated against her by expelling her from membership after she filed a Charge of Discrimination with the Pinellas County Office of Human Rights (PCOHR) on January 2, 2019.

On March 29, 2019, Ms. Ring filed the instant action against BCYC, asserting discrimination and retaliation claims on denial of public accommodation grounds under Title III of the ADA [Dkt. 1]. On April 26, 2019, this Court entered the parties' Case Management and Scheduling Order, identifying May 22, 2019 as the deadline to amend pleadings [Dkt. 17]. On June 25, 2019, after obtaining leave of court, Ms. Ring filed a First Amended Complaint, asserting new FCRA claims against BCYC under Count IV [Dkt. 27, pp. 24-25]. On July 9, 2019, BCYC moved to dismiss Ms. Ring's FCRA claims under Federal Rule of Civil Procedure 12(b)(6), arguing that since these claims had never accrued, they were forever barred by Ms. Ring's failure to exhaust her administrative remedies under the FCRA [Dkt. 28].

On the evening of July 23, 2019, which marked the deadline to respond to BCYC's Motion to Dismiss, Ms. Ring filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), seeking to dismiss her FCRA claims against BCYC without

prejudice[2] [Dkt. 29]. This Notice of Voluntary Dismissal was not directed to Counts I and II, the only two remaining counts of the First Amended Complaint that had been asserted against BCYC. Ms. Ring also filed a Response in Opposition to BCYC's Motion to Dismiss, arguing in part that BCYC's Motion should be dismissed as moot now that she had voluntarily dismissed her FCRA claims without prejudice [Dkt. 30].

On the morning of July 24, 2019, this Court entered a first Order, confirming in part that Ms. Ring's FCRA claims asserted under Count IV of the Amended Complaint had been dismissed without prejudice [Dkt. 31]. A second Order was entered around the same time, dismissing BCYC's Motion to Dismiss as moot in light of Plaintiff's Notice of Voluntary Dismissal [Dkt. 32]. No written opinion accompanied these procedural Orders. BCYC now moves for reconsideration of these two Orders for three reasons: 1) Ms. Ring's Notice of Voluntary Dismissal, which was only directed to one of her claims against BCYC, was procedurally invalid; 2) New evidence is available to prove that Ms. Ring did not exhaust her administrative remedies before filing suit under the FCRA; 3) Manifest injustice will result to BCYC if Ms. Ring is provided with an opportunity to assert her FCRA claims anew when they were due to be dismissed with prejudice on account of her failure to exhaust administrative remedies.

### B. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54 (b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than

---

[2] Ms. Ring also voluntarily dismissed her claims against the City of Gulfport, which she had asserted under Count III of the Amended Complaint. These separate claims asserted by Ms. Ring are not at issue in this Motion.

all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54 (b). Because the Orders at issue in this Motion were not orders subject to appeal, they can be revised at any time before judgment is entered. Fed. R. Civ. P. 54 (a)-(b).

The decision whether to grant or to deny a motion to reconsider is at the discretion of the District Court. *See American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985). Because judicial resources are scarce, "[r]econsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). To persuade the Court to reconsider a prior decision, a motion for reconsideration "must set forth facts or law of a strongly convincing nature." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).

Three grounds justifying reconsideration of an order have been recognized by courts in this Circuit: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (quotation omitted); *see also Sussman v. Salem, Saxon, & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A Court will not alter a prior decision absent a showing of clear and obvious error where the "interests of justice" demand correction." *Scelta*, 89 F. Supp. at 1320 (M.D. Fla. 2000). In this case, Ms. Ring's improper reliance on Rule 41 is due to be corrected, new evidence is available, and the interests of justice warrant reconsideration of the two Orders at issue.

"With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Lamar Adver., Inc. v. City of Lakeland, Inc.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999) (quotation omitted). "This Court will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *Id.* In entering the two Orders at issue, the Court did not find that anything was lacking within BCYC's Motion to Dismiss. Instead, the Court accepted Ms. Ring's Notice of Voluntary Dismissal without prejudice under Rule 41(a)(1)(A)(i) as self-executing, and denied BCYC's Motion to Dismiss as moot without considering its merits. The only point of disagreement is procedural: Ms. Ring could not avail herself of Rule 41 to voluntarily dismiss a single count of her First Amended Complaint against BCYC. She had to voluntarily dismiss all claims against BCYC, or else invoke Federal Rule of Civil Procedure 15 (a)(2) to request leave to amend the First Amended Complaint to remove Count IV. The distinction is far from technical, as a motion brought under Rule 15 (a)(2) is not self-executing and would have afforded BCYC an opportunity to object.

Under Federal Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). This type of dismissal is self-executing, and no further action is required by the district court. "Voluntary dismissal, moreover, normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to

exercise its jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 409 (11th Cir. 1999) (citations omitted). The defendant's filing of a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), as BCYC did in this action, does not extinguish a plaintiff's right to voluntarily dismiss the action under Federal Rule of Procedure 41(a)(1)(A)(i). *See Cordrey v. Corizon*, No. 15-cv-33-MW-CJK, 2015 U.S. Dist. LEXIS 136131 at *4 (N.D. Fla. Sep. 8, 2015) (quoting cases).

Notwithstanding, a plaintiff's right to invoke Rule 41 to ensure that claims are dismissed is limited to dismissing *all claims* against a defendant, rather than dismissing some claims and not others, as Ms. Ring did here. "Rule 41(a) speaks of voluntary dismissal of an *action*, not a claim, and the plaintiff's elimination of a fragment of an action—as was the case here—is more appropriately considered to be an amendment to the complaint under Rule 15." *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978) (emphasis in original). "Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). "Although Rule 41 allows a plaintiff to dismiss an action, it does not allow a plaintiff to dismiss a portion of its action against a defendant." *Casequin v. Cat 5 Contr., Inc.*, No. 2:18-cv-588-FtM-38MRM, 2019 U.S. Dist. LEXIS 14667 at *2 (M.D. Fla. Jan. 30, 2019) (citing *Perry v. Schumacher Group of La.*, 891 F.3d 954, 958 (11th Cir. 2018)). "[Rule 41] is thus the wrong procedural mechanism to dismiss only part of an action against a defendant. Instead, a plaintiff may eliminate claims by amending the complaint." *Id.*

Under Federal Rule of Civil Procedure 15(a)(2), a plaintiff can amend her complaint with the written consent of the opposing party or by obtaining leave of court. Further, as is the case here, if a plaintiff seeks leave to amend the complaint "after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Unlike a voluntary dismissal of all claims under Rule 41, an amendment made under Rule 15 (a)(2) is not self-executing. The opposing party has an opportunity to object, and further action by the district court is required. The party moving to amend faces a higher burden if a scheduling order has already been entered, as in this case, and must show good cause for seeking amendment after the deadline to amend pleadings has passed.

### C. ARGUMENT

I. <u>Ms. Ring's voluntary dismissal without prejudice of her FCRA claims against BCYC was procedurally invalid</u>

Ms. Ring was not entitled to invoke Rule 41 (a)(1)(A)(i) to voluntarily dismiss her FCRA claims against BCYC while maintaining her remaining Title III claims. *See Perry v. Schumacher Group of La.*, 891 F.3d 954, 958 (11th Cir. 2018). Instead, Ms. Ring should have filed a motion for leave to amend the First Amended Complaint under Rule 15 (a)(2), which BCYC would have been able to oppose. Further, because the parties' deadline to amend pleadings had passed, Ms. Ring would have also had to show good cause under Rule 16(b)(4) before obtaining leave to amend the First Amended Complaint. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Given that Ms. Ring only sought to voluntarily dismiss her new FCRA claims without prejudice once BCYC's Motion to Dismiss was filed, a reasonable inference can be drawn that the voluntary dismissal sought by Ms. Ring was designed to rectify

a deficiency identified in BCYC's Motion to Dismiss [Dkt. 28]. The most salient deficiency raised by BCYC in moving to dismiss Ms. Ring's FCRA claims was Ms. Ring's failure to exhaust her administrative remedies before filing suit under the statute, which is fatal to her FCRA claims. *See Sweeney v. Fla. Power & Light Co.*, 725 So.2d 380, 381 (Fla. 3d DCA 1998). Just as Ms. Ring could not rely on Rule 41 to automatically execute the dismissal of her FCRA claims against BCYC without prejudice, so she cannot avail herself of the proper procedurally mechanism offered by Rule 15(a)(2) and Rule 16 (b)(4) to avoid the drastic consequence imposed by the Florida Legislature on FCRA claimants who fail to exhaust administrative remedies before filing suit: Dismissal with prejudice. For the foregoing reasons, this Court should reconsider the two Orders at issue and affirm the dismissal of Ms. Ring's FCRA claims with prejudice.

II. <u>BCYC has new evidence that the Commission did not conciliate Ms. Ring's Charge or enter any determination on the Charge before the First Amended Complaint was filed on June 25, 2019</u>

To exhaust her administrative remedies under the FCRA, Ms. Ring first had to file a Charge of Discrimination with an appropriate agency, which she did. A copy of Ms. Ring's original Charge of Discrimination filed on January 2, 2019, which accompanied BCYC's Motion to Dismiss, is attached hereto as Exhibit A. Under the FCRA, Ms. Ring's Charge was also considered timely filed with the Florida Commission on Human Relations on that same date. Fla. Stat. § 760.11(1). After filing her Charge of Discrimination, Ms. Ring had to wait for three possible outcomes contemplated by the Florida Legislature in enacting the FCRA, all of them expressly predicated on the actions or inaction of the Florida Commission on Human Relations ("the Commission"):

- If the Commission determines that there is reasonable cause to believe that discrimination occurred, the aggrieved person can either request an administrative hearing or file a lawsuit asserting claims under the FCRA. *See* Fla. Stat. 760.11(4).

- If the Commission finds that there is not any reasonable cause to believe that discrimination occurred, the claimant has 35 days to request an administrative hearing. *See* Fla. Stat. § 760.11 (7).

- If the Commission does not conciliate the dispute or make a determination within 180 days, counted from the date on which the administrative complaint was received by the FCHR, then the claimant may proceed as though the Commission had found reasonable cause. *See* Fla. Stat. 760.11(8).

Under the plain terms of the FCRA, the Commission automatically had jurisdiction over Ms. Ring's Charge of Discrimination, provided that a referral relationship existed between the Commission and the PCOHR.[3] Fla. Stat. 760.11(2). To exhaust her administrative remedies and gain the right to file suit against BCYC under the FCRA, Ms. Ring nonetheless had to wait for the Commission—the *only* Florida agency expressly designated by the Florida Legislature in the text of the FCRA—to enter a determination. Even if the Commission had referred the investigation of Ms. Ring's Charge to the PCOHR, which finds no support on the record, the PCOHR would have had to transfer its findings to the Commission, which would then have accorded these findings substantial weight in entering a determination. Fla. Stat. § 760.11(2). A plain reading of the FCRA strongly supports that the Commission is the only agency ultimately tasked with entering a determination on the Charge for the purposes of ensuring that administrative remedies are exhausted. Were this not the case, the Florida

---

[3] While BCYC was not able to confirm whether a referral relationship existed between the two agencies, resolving this question is not material to the primary issue presented in this Motion: Whether Ms. Ring was entitled to voluntarily dismiss her FCRA claims without prejudice under Rule 41, when they should have been dismissed with prejudice under Florida precedent for failure to exhaust administrative remedies.

Legislature would surely not have found it necessary to clarify that the Commission had to accord substantial weight to another agency's findings. Thus, as the statute plainly demonstrates, the outcome of any FCRA administrative investigation is dictated by the actions or inaction of the Commission, not the actions or inaction of any other agency qualified to investigate a Charge, such as the PCOHR. Fla. Stat. § 760.11(3)-(4).

Provided that the Commission did not enter any determination on the Charge within 180 days, counted from the date of filing—January 2, 2019—Ms. Ring could proceed as though the Commission had found cause in her favor, which would entitle her to file a lawsuit. Fla. Stat. 760.11(8). The 180-day deadline fell on July 1, 2019. Ms. Ring asserted her FCRA claims in her First Amended Complaint on June 25, 2019, just six days shy of the deadline.

In its Motion to Dismiss, BCYC clarified that it had never received any correspondence from the Commission [Dkt. 28]. BCYC also pointed out that Ms. Ring had made no reference whatsoever to the Commission in her First Amended Complaint, and had nowhere alleged that she had exhausted her administrative remedies under the FCRA [Dkt. 27]. Because "the presuit filing of the complaint with FCHR [the Commission] for investigation is a condition precedent that must be pleaded when filing the civil action," Ms. Ring's First Amended Complaint was deficient from the outset. *Maynard v. Taco Bell of Am., Inc.*, 117 So. 3d 1159, 1161 (Fla. 2d. DCA 2013).

On July 25, 2019, the day after the two Orders at issue in this Motion were entered, the undersigned submitted a detailed public records request to the Commission via e-mail, a copy of which is attached as Exhibit B. The purpose of this request was to corroborate that the Commission had no record of Ms. Ring's Charge, and had not entered any determination on

this Charge by June 25, 2019, the date on which the First Amended Complaint was filed.[4] On August 2, 2019, after the undersigned repeatedly followed up to obtain a response,[5] the Clerk of the Commission confirmed in writing that the Commission had no record at all of Ms. Ring's Charge filed against BCYC. A copy of this confirmation message is attached hereto as Exhibit C. This new evidence, in the form of a public record issued by a Florida governmental agency, is sufficient to establish that by June 25, 2019, the Commission had not received or reviewed Ms. Ring's Charge of Discrimination, let alone entered any determination on the Charge.

To exhaust her administrative remedies under the FCRA, Ms. Ring had only to wait until July 1, 2019. But instead of waiting, she chose to file her First Amended Complaint prematurely, which immediately divested the Commission of jurisdiction over her Charge and prevented her FCRA claims from even accruing. For the foregoing reasons, this Court should reconsider the two Orders at issue, and affirm the dismissal of Ms. Ring's FCRA claims with prejudice.

III.     <u>Manifest injustice will result if Ms. Ring is permitted to assert her FCRA claims anew</u>

By improperly invoking Federal Rule of Civil Procedure 41(a)(1)(A)(i) to voluntarily dismiss her FCRA claims without prejudice, Ms. Ring sought to circumvent the FCRA's rigid mandate to exhaust administrative remedies before filing suit. Should Ms. Ring succeed in asserting her FCRA claims anew by obtaining leave to amend the First Amended Complaint

---

[4] There is no dispute that the Commission did not conciliate the Charge by June 25, 2019, as BCYC would have been a participant in this process.

[5] At the time, the undersigned incorrectly thought that the instant Motion was governed by Rule 59, rather than Rule 54 (b). Under Rule 59, the deadline to file this Motion would have been August 3, 2019, hence the urgency of the last request submitted to the Commission.

to dismiss these claims without prejudice, BCYC will suffer irremediable harm. Indeed, in reasserting her FCRA claims after their dismissal without prejudice, Ms. Ring will proclaim that she has exhausted her administrative remedies after all, since her anticipated third amended complaint will be filed well after the 180-day deadline of July 1, 2019. This runs counter to controlling Florida precedent, and upsets the balance achieved by the Florida Legislature in enacting the FCRA.

The FCRA offers Ms. Ring a panoply of potential monetary damages that are not available to her under Title III of the ADA. Fla. Stat. 760.11(5). While the FCRA is a remedial statute that must be construed liberally, the Florida Legislature's detailed, stringent requirement that FCRA claimants exhaust their administrative remedies before filing suit cannot possibly be written out of the statute to accommodate claimants who choose to file their FCRA claims prematurely. In exchange for the generous remedies offered by the FCRA, claimants must follow the strict procedure for exhausting administrative remedies crafted by the Florida Legislature. While the procedure is strict, it is not demanding. After all, Ms. Ring only had to wait until the 180-day period expired. Because she did not wait, she lost the ability to assert these claims altogether.

Indeed, the FCRA does not offer litigants who fail to exhaust administrative remedies another bite at the apple. Once FCRA claims are asserted prematurely in a lawsuit, the Commission loses jurisdiction over the Charge; the claimant's administrative remedies are never exhausted, and her FCRA claims never accrue. As the Plaintiff, Ms. Ring is the master of this action, and only she had control over when to file her FCRA claims. That she filled these claims prematurely carries a drastic, inexorable consequence under the FCRA: Dismissal

with prejudice. *See Sweeney v. Fla. Power & Light Co.*, 725 So.2d 380, 381 (Fla. 3d DCA 1998). In *Sweeney*, the claimant filed suit 20 days before the expiration of the 180-day period contemplated by the FCRA. *Id.* In dismissing Mr. Sweeney's FCRA claims with prejudice, Florida's Third District Court of Appeal explained why the premature lawsuit was fatal to these claims:

> *Under section 760.11(4)(a), an aggrieved person may not bring a civil action unless (a) the commission has made an affirmative determination of "reasonable cause to believe that a discriminatory practice has occurred," or (b) under section 760.11(8), the commission has failed to act on the complaint for 180 days. The former did not occur and the plaintiff made it impossible for the latter to take place because the very act of filing the complaint served to "divest the commission of jurisdiction" to proceed. §760.11(5). For that reason, though we might desire to do so, we cannot apply the rule that a premature action should not be dismissed, but rather abated until the appropriate time has run. In this instance, the complaint prevented the existence of either condition precedent to and thus the very accrual of the cause of action the plaintiff sought to assert. The filing of the complaint before the 180 days ran rendered it burdened by far more than "a mere prematurity, which [was] curable simply by the passage of time." Dismissal was therefore required.*

*Sweeney*, 725 So.2d at 381 (Fla. 3d DCA 1998).

For Ms. Ring to be able to erase her premature filing of these claims as well as her own failure to exhaust administrative remedies under the FCRA, only to later tout that administrative remedies have been exhausted once she reasserts these claims, contravenes the interests of justice. Such an outcome runs completely counter to the stringent administrative prerequisites imposed by the Florida Legislature on FCRA claimants in exchange for the broad array of relief that they are afforded under this remedial statute. It would be manifestly unjust for BCYC to be subject to suit under the FCRA once Ms. Ring impermissibly resurrects these claims, when BCYC appropriately moved to dismiss them with prejudice for failure to exhaust administrative remedies.

To prevent such manifest injustice, this Court should reconsider the two Orders at issue and clarify that Ms. Ring is not entitled to reassert her FCRA claims anew after failing to exhaust her administrative remedies before filing the First Amended Complaint.

### D. CONCLUSION

Ms. Ring's failure to exhaust administrative remedies was fatal to her claims under the FCRA, and she was not entitled to avail herself of Rule 41 to dismiss Count IV only and avoid this outcome. For the foregoing reasons, BCYC respectfully requests that this Court reconsider the two Orders as issue and affirm dismissal with prejudice of Ms. Ring's FCRA claims.

Dated this 7th Day of August, 2019.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Boca Ciega Yacht Club, Inc.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9324
Facsimile (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail: elisabeth.fontugne@csklegal.com
Alternate e-mail: patricia.toney@csklegal.com
hollis.simmons@csklegal.com

## **LOCAL RULE 3.01(g) CERTIFICATE**

In good faith, the undersigned certifies that in accordance with Local Rule 3.01(g), she conferred with counsel for Plaintiff via e-mail on August 2, 2019, but received no response. On August 7, 2019, before this Motion was filed, counsel for Plaintiff, Ms. LaHart, confirmed via telephone that Plaintiff would oppose the relief requested in this Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August, 2019, I filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to Counsel of record for Plaintiff: Ms. Marcy I. LaHart, Esq., c/o Marcy I. LaHart, P.A., 207 S.E. Tuscawilla Rd., Minacopy, FL 32667, (352) 545-7001 (T), (888) 400-1464 (F), marcy@floridaanimallawyer.com; and Ms. Deneze Venza, c/o Venza Law, PLLC, 931 Village Blvd., #905-322, West Palm Beach, FL 33409, (561) 596-6329 (T), dvenza@venzalawpllc.com.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Boca Ciega Yacht Club, Inc.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9324
Facsimile (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail: elisabeth.fontugne@csklegal.com
Alternate e-mail: patricia.toney@csklegal.com, hollis.simmons@csklegal.com

By:   s/ Elisabeth A Fontugne
     BRIAN D. RUBENSTEIN
     Florida Bar No.:  16997
     ELISABETH A FONTUGNE
     Florida Bar No.:  115954