UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA RING,

              Plaintiff,              Case No. 8:19-cv-00772-VCM-JSS

vs.

BOCA CIEGA YACHT CLUB, INC.,

              Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiff SAMANTHA RING ("Plaintiff" and/or "RING"), by and through undersigned counsel opposes and responds to Defendant Boca Ciega Yacht Club, Inc.'s ["BCYC" and/or "Defendant"] Motion for Reconsideration of Order Confirming Plaintiff's Voluntary Dismissal of Claims and Denying BCYC's Motion to Dismiss as Moot [DE 33] ("Motion for Reconsideration") as follows:

**Summary of Response**

BCYC throws the proverbial kitchen sink at the Court in its quest to have two Orders (Docket Entry Nos. 31 and 32) overturned: (1) procedural invalidity of Ring's claims dismissal; (2) "new" evidence; and (3) hollow claims of "manifest injustice." Reconsideration, however, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources*." United States v. DeRochemont*, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Neither the Orders at issue nor BCYC's arguments substantiate employment of this extraordinary remedy. Furthermore, contrary to BCYC's repeated assertions, RING exhausted her administrative remedies by filing a complaint with the

Pinellas County Office of Human Rights. Reconsideration of either Order is simply not appropriate or justified.

### I.  THE APPROPRIATE LEGAL STANDARD PERMITS ONLY TWO GROUNDS FOR RECONSIDERATION: (1) NEWLY DISCOVERED EVIDENCE; OR (2) MANIFEST ERRORS OF LAW OR FACT, NEITHER OF WHICH DEFENDANT MEETS

The Motion for Reconsideration is filed pursuant to Fed. R. Civ. P. 54(b). Rule 54(b), however, does not specify the standard to be used by courts in exercising authority to reconsider. *Voter Verified, Inc. v. Premier Election Solutions, Inc.*, No. 6:09-CV-1968-ORL-19, 2011 WL 3841580, at *3 (M.D. Fla. Aug. 30, 2011) aff'd, 698 F.3d 1374 (Fed. Cir. 2012).  While courts in this district have nonetheless set the appropriate standard to be utilized, in its Motion for Reconsideration BCYC misstates that standard, citing the standard applied to reconsideration of "final orders."[1] The appropriate standard is that under Rule 59:

> When, as here, a motion for reconsideration is filed within 28 days of an order,[2] Rule 59 applies. *Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., Beach Condo Terrace Assn v Goldring Invest.*, No. 8:15-cv-1117-T33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). '**The only grounds for granting a Rule 59 motion are newly discovered evidence**

---

[1] "It is generally recognized that motions for reconsideration **of a final order** should be only considered upon the showing of the following three bases: (1) the intervening change of the controlling law; (2) the availability of newly discovered evidence which could not have been obtained through due diligence at the original hearing; and (3) to enable the court to correct an egregious legal error and not to compel the litigant to go through the expensive appeal process to obtain relief from the error involved in the order." *In re Talisman Marina, Inc.,* 395 B.R. 178 (M.D. Fla. 2008)(emphasis added) (*citing Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994)); *Decker Coal Company v. Hartman*, 706 F.Supp. 745, 750 (D.Mont.1988); *Quitto v. Bay Colony Golf Club, Inc.*, No. 206CV286FTM29DNF, 2007 WL 2808352 (M.D. Fla. Aug.13, 2007).  Final orders are not at issue here.

[2] The Motion for Reconsideration was filed within 14 days of the challenged Orders. *See* DEs 31, 32, and 33.

**or manifest errors of law or fact.**' *Anderson v. Fla. Dep't of Envtl. Prot.,* 567 F. App'x 679, 680 (11th Cir. 2014) (quoting *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)).

*Statton v. Florida Federal Judicial Nominating Commission, et al*., No. 8:19-cv-485-T-33CPT (M.D. Fla. May 16, 2019) (Judge Hernandez Covington).

Reconsideration is a discretionary tool of the Court, seldomly wielded:

> It is within the Court's discretion to grant a motion for reconsideration. *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). '[R]econsideration is an extraordinary remedy to be employed sparingly.' *Lamar Adver. of Mobile, Inc*. *v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). So, 'a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' *Fla. Coll. of Osteopathic Medicine, Inc. v Dean Witter Reynolds, Inc*., 12 F. Supp. 2d 1306, 1308 (M.D. Fla.1998).

*Leahy-Fernandez v Bayview Loan Servicing, LLC,* No. 8:15-cv-2380-T-33TGW (M.D. Fla. Feb. 16, 2016) (Judge Hernandez Covington).

Especially significant to the Motion for Reconsideration now before the Court is the 11th Circuit's delimiters: "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Riggins v. Polk Cnty*., No. 8:12-CV-1755-T-17TBM, 2014 WL 3900264, at *2 (M.D. Fla. Aug. 8, 2014)(a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the court has once determined); *see also Z.K. Marine, Inc., v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla.1992) (explaining that a motion for reconsideration should not "be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."). "Court opinions are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill.1988)) (quotations omitted).

The movant "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, PA.,* 153 F.R.D. 689, 694 (M.D. Fla.1994).

When stripped to its core, the BCYC's Motion for Reconsideration presents neither "newly-discovered evidence" nor allegations of "manifest errors of law or fact" which justify reconsideration of the Court's Orders. The Motion should be denied.

## II. LEGAL ANALYSIS REVEALS THE FLAWS IN BCYC'S RECONSIDERATION PLEA

### A. DISSECTION OF RULE 41 AND APPLICATION TO THE ACTUAL ORDERS SOUGHT TO BE OVERTURNED REVEAL THE FOLLY OF RECONSIDERATION.

The gravamen of BCYC's plea for reconsideration is that RING could not use Rule 41(a)(1)(i) to dismiss her claims against it because that Rule permits only voluntary dismissal of "an action" and not individual claims, and that RING should have instead sought leave to amend under Rule 15(a)(2). Motion for Reconsideration at 7-8. BCYC's argument is obviously one of technicality, and has been criticized by both Courts and legal scholars on multiple occasions for not only its incongruity with the remainder of Rule 41,[3] as well as the overall illogic and inefficiency of prohibiting the voluntary dismissal of a single claim:

---

[3] Subsection (c) allows for voluntary dismissal of "**any** counterclaim, crossclaim, or third-party claim" which has been construed to allow for claim dismissal in piecemeal. Fed. R. Civ. P. 41(c); *id.* That Rule 41 has been around for "75 years" without change more than suggests that the inconsistency is not one intended, but merely the consequence of less than precise original drafting.

> Despite its long pedigree, Federal Rule of Civil Procedure 41, the rule generally governing the dismissal of federal civil actions, is ill-equipped to deal with the realities of modern federal civil practice.
> …
>
> Rule 41 permits the 'voluntary dismissal' of an 'action,' whereas a defendant may move for an 'involuntary dismissal' with respect to 'the action or any claim against it.' It is unclear whether the drafters of Rule 41(a) intended that the word 'action' be given its technical meaning in this context. Though general principles of textual interpretation might suggest that it should, commentators have suggested that such a reading makes little sense, for there does not seem to be a strong reason for preventing the voluntary dismissal of fewer than all claims, particularly considering that Rule 15(a) permits essentially the same result via amendment.

"*Dismissing Federal Rule of Civil Procedure 41,*" University of Louisville Law Review, Vol. 52:265 (2014) at 265; 275, Bradley Scott Shannon (Professor of Law, Florida Coastal School of Law) (footnotes and citations omitted)[4]. *See also* "*Civil Rule 54(b): Seventy-Five and Ready for Retirement,*" Florida Law Review, Vol. 65, Issue 3, Article 2 (May 2013), Andrew S. Pollis[5].[6]

More importantly, however, employing the same technical analysis BCYC urges the Court to use to overturn its earlier rulings, ironically results in denial of reconsideration.

Endorsed Order, Docket Entry No. 33, states, verbatim:

> ENDORSED ORDER: Pursuant to 'Plaintiff's Notice of Voluntary Dismissal Without Prejudice of Claims Against City of Gulfport, Count IV, and Demand for Jury Trial' (Doc. # [29]), the claims against Defendant City of Gulfport are dismissed without prejudice. Additionally,

---

[4] https://www.uscourts.gov/sites/default/files/fr_import/14-CV-D-suggestion.pdf

[5] https://scholarship.law.ufl.edu/cgi/viewcontent.cgi?article=1142&context=flr.

[6] Again, "reconsideration" is discretionary with the Court. RING submits that the present scenario is precisely when that discretion should be employed, and Fed. R. Civ. P. 1 should be the guiding arbiter.

> Count IV of Plaintiff's First Amended Complaint (Doc. # [27]) is dismissed without prejudice and Plaintiff's demand for jury trial within The First Amended Complaint is dismissed without prejudice.

The Court dismissed only "the claims against the Defendant City of Gulfport" "pursuant to Plaintiff's Notice of Voluntary Dismissal." *Id.* The Court's dismissal of "Count IV" and "demand for jury trial" was done "[a]dditionally," i.e., separately but in addition to, the Court's dismissal of the City of Gulfport claims. In other words, the City of Gulfport claims were dismissed via Rule 41(a)(1)(A), which, even BCYC indirectly admits was entirely within RING's power, and Count IV and jury trial request were dismissed via Rule 41(a)(2): "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." RING's Notice of Voluntary Dismissal as to Count IV and a jury trial was treated as "plaintiff's request," and granted on "terms that the court consider[ed] proper" (i.e., partial dismissal of the action against BCYC). Such is entirely within the Court's purview of power and is in technical conformity with Rule 41.

The Court's denial of BCYC's Motion to Dismiss Count IV of the First Amended Complaint and Strike Jury Trial Demand (DE 28) [hereafter "Motion to Dismiss"] as moot [7] was also within its power, independent of the application or purported "misapplication" of Rule 41 as it is axiomatic that it is incumbent upon a district court to determine what is and isn't moot, and thus what is and isn't mere prohibited advisory opinions. "[T]he Supreme Court 'has explained 'a federal court has no authority to give opinions upon moot questions...'" *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992).

---

[7] "ENDORSED ORDER denying as moot [28] Motion to Dismiss for Failure to State a Claim…" (DE 32).

That the Court's "mootness" ruling flowed from its ruling in the predecessor Order, DE 31, however, for the reasons stated *supra,* establishes its validity and the impropriety of overturning it under the guise of "reconsideration."

### B. EVEN ASSUMING RECONSIDERATION ANALYSIS OF THE COURT'S RULINGS IS APPROPRIATE, BCYC PROFFERS NO REAL "NEW" EVIDENCE TO JUSTIFY SUCH RECONSIDERATION; INSTEAD BCYC SUBMITS "EVIDENCE" THAT COULD (AND SHOULD) HAVE BEEN PRESENTED WHEN IT FILED ITS MOTION TO DISMISS.

Even assuming, arguendo, that BCYC's Rule 41 argument holds water, its proffer of the requisite "new" evidence needed to justify a grant of reconsideration is really prohibited "old" evidence which BCYC could have presented to the Court previously. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Riggins v. Polk Cnty.*, No. 8:12-CV-1755-T-17TBM, 2014 WL 3900264, at *2 (M.D. Fla. Aug. 8, 2014) (motion for reconsideration "[cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

Submitted as "Exhibit B" is BCYC's July 25, 2019, Records Custodian request. Motion for Reconsideration at 9-11; Exhibit B. As much as BCYC argues around the pink elephant, the bottom line is that BCYC did not make that public records request until July 25, 2019 -- many days after it filed its July 9, 2019, Motion to Dismiss. In short, it is not "newly discovered evidence" as it was information which BCYC could have sought previously. That BCYC did not make any such request until July 25, 2019, despite its counsel's claim to the Florida Commission on Human Relations' ("FCHR") Records Custodian that the FCHR's response to the public records request was "URGENT…(I have to notify the federal judge of the status of this case today)," does not magically

transmute the FCHR's August 2, 2019, response submitted as "Exhibit C" into "new" evidence either.

Moreover, BCYC's Motion for Reconsideration is based upon Rule 54(b), which comes into play when there is an "order or other decision, however designated, that **adjudicates**" claims. Fed. R. Civ. P. 54(b); Motion for Reconsideration at 3-4 (emphasis supplied). And although BCYC hypocritically claims that the Court denied its Motion to Dismiss "without considering its merits," BCYC also simultaneously reports that "the Court did not find that anything was lacking within BCYC's Motion to Dismiss," implicitly admitting that due consideration was, indeed, given. Motion to Dismiss at 5. In the Motion to Dismiss, as emphasized by BCYC in its Motion for Reconsideration, BCYC contended that RING had not "exhausted her administrative remedies." *Id.* at 1, *passim.* The point being that BCYC admits that an adjudication occurred after a determination by the Court that its Motion to Dismiss was not "lacking" before the Court issued Orders DE 32 and 33 -- an adjudication which involved BCYC's previously-made argument that RING had not "exhausted" her administrative remedies.

In other words, BCYC's request for reconsideration is grounded upon previously made arguments as well as evidence which could have been provided to the Court previously. Re-litigation of old matters, or the raising of arguments or presentation of evidence that could have been raised previously, is precluded. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Riggins v. Polk Cnty.*, No. 8:12-CV-1755-T-17TBM, 2014 WL 3900264, at *2 (M.D. Fla. Aug. 8, 2014

### C. MANIFEST ERRORS OF FACT OR LAW, THE FINDING OF WHICH IS NECESSARY TO GRANTING A RECONSIDERATION REQUEST, DO NOT EXIST NOR DOES BCYC EVEN CLAIM THAT THEY DO.

BCYC does not allege that "manifest errors of fact or law exist." *See* Motion for Reconsideration. Instead, BCYC, employing the three-grounds standard of "(1) an intervening change in controlling law; (2) availability of new evidence; and (3) need to correct clear error or manifest injustice," asserts "procedural invalidity" in lieu of "an intervening change in controlling law." *Id.* For the reasons explored *supra*, there was no procedural invalidity (nor has there been any change in controlling law).[8]

The incongruity of BCYC's basis for seeking reconsideration and the relief it seeks belies the propriety of granting it the relief sought.

BCYC claims that "manifest justice" will result if the RING's Voluntary Dismissal is not changed to dismissal "with prejudice." *Id.* at 11, *et seq.* If dismissal of RING's Count IV claim and demand for jury trial cannot be done by Rule 41 as claimed by BCYC, how, then, can BCYC ask the Court to change dismissal to "with prejudice"? *Id.* at 14. If Rule 41 does not, as BCYC claims, afford RING the ability to dismiss her claims (without prejudice), how then can BCYC ask the Court to "reconsider" its granting of such dismissal by simply changing same to "with prejudice"? BCYC's claims of resulting "manifest injustice" if dismissal is anything but "with prejudice" are hollow at best. That formal conciliation ["Mediation"] on RING's administrative claim was held on August 2, 2019 – in which BCYC's defense counsel in the instant matter participated on BCYC's behalf – renders BCYC's argument that RING had "failed to exhaust her remedies" further moot (if same is even possible) and the basis for the August 7, 2019, Motion for Reconsideration invalid. (Mediation Sign-in Sheet is attached, marked, and incorporated by reference as "Exhibit A.")

---

[8] Nor is there any claim of an intervening ***change*** in controlling law. *See* Motion to Dismiss.

The facts are the facts. RING has, unequivocally, as of the time of BCYC's filing of its Motion for Reconsideration (if not at the time of the filing of RING's Notice of Voluntary Dismissal), exhausted her administrative remedies. (*See* RING's 10/23/2018 Redacted, In-Take Questionnaire and Complaint filed with Pinellas County Office of Human Rights ["PCOHR"] marked, attached, and incorporated as "Exhibit B"; *see also* 05/29/2019 PCOHR Investigative Report, Finding Reasonable Cause of BCYC's Discrimination marked, attached, and incorporated as "Exhibit C.") To ask the Court to pretend otherwise is akin to asking the Court to rule on an abstract proposition or hypothetical. "A federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265 (11th Cir. 2010) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992))." *Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)). "With respect to mootness, the Supreme Court 'has explained 'a federal court has no authority to give opinions upon moot questions...''" Id. (quoting *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992)). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Zinn*i, 692 F.3d at 1166 (citation omitted).

"Manifest errors of fact or law" is a high standard.[9] BCYC "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

---

[9] Compare to "manifest miscarriage of justice": "Consequently, we will not disturb the conviction on any of those counts unless it is 'necessary to prevent a manifest miscarriage of justice,' meaning that 'the evidence on a key element of the offense [must be] so tenuous that a conviction would be shocking.'" *United States v Hesser*, 800 F.3d 1310, 1320 (11th Cir. 2015); *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir.2006)

*Sussman v. Salem, Saxon & Nielsen, PA.,* 153 F.R.D. 689, 694 (M.D. Fla.1994). The truth is that even if the Motion for Reconsideration were analyzed under a standard of "manifest injustice," BCYC has not set forth a "strongly convincing argument" given that RING may seek to achieve the similar result as that which BCYC now challenges by way of Rule 15. *Cf. Mouzon v. Radiancy, Inc.,* 309 F.R.D. 60, 65-66 (D.D.C. 2015) (finding that denying a Rule 59(e) motion would not constitute a manifest injustice because the plaintiffs would be able to file the same claims in another format).

### III. THE INTERESTS OF JUSTICE WARRANT DENIAL OF RECONSIDERATION.

In the backdrop of all the recent filings in this case stands Federal Rule of Civil Procedure 1 and the precept of resolving cases on the merit:

> [A] district court should construe the procedural rules with a preference toward resolving the case on the merits and avoiding any dismissal based on a technicality. *See* FED. R. CIV. P. 1 (requiring the Rules to be 'construed, administered, and employed by the court ... to secure the just, speedy, and inexpensive determination of every action and proceeding' (emphasis added)); *Krupski v. Costa Crociere S. P. A.,* 560 U.S. 538, 550, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) (noting that the Federal Rules of Civil Procedure express a general preference for 'resolving disputes on their merits'); *Edwards v. Occidental Chem. Corp.,* 892 F.2d 1442, 1445 (9th Cir. 1990) ('*[T]he 'principal function* of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts,' and `decisions on the merits are not to be avoided on the basis of mere technicalities.'' (quoting *Schiavone v. Fortune*, 477 U.S. 21, 27, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986))).

*Austin v Kroger Texas, L.P.,* 864 F.3d 326, 337-338 (5th Cir. 2017).

---

(quoting *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (quotation marks omitted).

## IV. RING HAS EXHAUSTED HER ADMINISTRATIVE REMEDIES BY FILING A DISCRMINATION COMPLAINT WITH THE PINELLAS COUNTY OFFICE OF HUMAN RIGHTS

BCYC first complained that RING filed her Florida Civil Rights Act (FCRA) six days too early. ("The 180-day deadline fell on July 1, 2019. Ms. Ring asserted her FCRA claims in her amended complaint on June 25, 2019, just six days shy of the deadline.")[10] BCYC now asserts that by allegedly jumping the proverbial gun by six days, RING "immediately divested the Commission of jurisdiction over her Charge and prevented her FCRA claims from even accruing." BCYC also asserts that remedy for this egregious transgression of filing an amended complaint six days too early is dismissal of RING's FCRA claims, with prejudice no less. Motion for Reconsideration at 10-11.

BCYC asks the court to consider unsubstantiated hearsay documents attached to its Motion to Dismiss as the smoking gun proving that RING failed to exhaust her administrative remedies because RING had not filed a complaint with the Florida Commission on Human Relations (FCHR). However, RING is not required to file a complaint with the FCHR because RING exhausted her administrative remedies by filing an administrative complaint with a fair employment practice agency, the Pinellas County Office of Human Rights (PCOHR). Fla. Stat. § 760.11 (1) ("**In lieu of filing the complaint with the commission**, a complaint under this section may be filed with the federal Equal Employment Opportunity Commission or with any unit of government of the state which is a fair-employment-practice agency under 29 C.F.R. ss. 1601.70-

---

[10] Motion to Dismiss at 10. This assertion is specious given that RING's initial complaint was filed with the Pinellas County Office of Human Rights on October 23, 2018. *See* RING's 10/23/2018 Redacted, In-Take Questionnaire and Complaint filed with PCOHR, Exhibit B. Consequently, RING's Complaint was filed 275 days before June 25, 2019 – a far cry from "six days shy of the deadline."

1601.80") (emphasis added). *See Wingfield v. S. UF, Inc.*, No. 8:09-cv-1090-T-24-TBM, 2009 U.S. Dist. LEXIS 60431, at *6 (M.D. Fla. July 15, 2009) ("Under the so called 'work-sharing agreement' between the EEOC and the FCHR, a filing with a single agency constitutes dual filing…Additionally, the FCRA states that the date that a complaint with the FCHR will be considered to have been filed 'is the earliest date of filing with the Equal Employment Opportunity Commission, the fair-employment-practice agency, or the [FCHR].' *Id.* § 760.11(1).") citing *Mason v. K Mart Corp.*, 1 F. Supp. 2d 1333, 1336 (M.D. Fla. 1998) (finding the plaintiff's filing with the EEOC to constitute filing with the FCHR). *See also Segura v. Hunter Douglas Fabrication Co.*, 184 F. Supp 2d 1227, 1228 (M.D. Fla. 2002), accord *Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1205 (11th Cir. 2007) ("The Act provides that '[a]ny person aggrieved by a violation of §§ 760.01-760.10 may file a complaint with the [Florida] [C]ommission [on Human Relations] within 365 days of the alleged violation…[or] with the federal Equal Employment Opportunity Commission **or with any unit of government of the state which is a fair-employment-practice agency** under 29 C.F.R. §§ 1601.70-1601.80.' *Id.* § 760.11(1).") (emphasis added).

BCYC does not identify any authority for the proposition that a discrimination victim must file complaints with both the FCHR and a local fair-employment-practice agency in order to exhaust her administrative remedies, and this unsupported assertion is contrary to the plain language of the Florida Civil Rights Act, which allows filing with a fair-employment-practice agency such as the PCOHR **in lieu of** filing with the FCHR.

BCYC also fails to explain the logic behind requiring two administrative agencies to investigate the same complaint. Not only has it been well over 180 days from when

RING filed her initial complaint with the PCHOR, an investigation has been completed finding that BCYC does not qualify for a "private club" exemption from the ADA, that RING has a disability-related need for her service dog, that BCYC discriminated against RING based upon her disability and her religion and expelled her for pretextual reasons in retaliation against RING. (05/29/2019 PCOHR Investigative Report, Finding Reasonable Cause of BCYC's Discrimination; Exhibit C.)

### CONCLUSION

RING respectfully asks that the Court determine that the interest of justice is best served by reaffirming its rulings in Orders DEs 31 and 32 and denying BCYC's Motion for Reconsideration.[11]

Respectfully submitted,

| | |
|---|---|
| MARCY I. LAHART, P.A. | VENZA LAW, PLLC |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| Telephone: (352) 545-7001 | office: (561) 596-6329 |
| Facsimile: (888) 400-1464 | email: dvenza@venzalawpllc.com |
| marcy@floridaanimallawyer.com | |
| | |
| BY: *s/ Marcy I. LaHart* | BY: *s/Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 599220 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 30th day of August, 2019 a true and correct copy of the foregoing has been furnished via CM/ECF electronic mail service to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

BY: *s/Denese Venza*
*Counsel for Plaintiff*

---

[11] *Cf. Larson v. Correct Craft, Inc.,* No. 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, at *3 (M.D. Fla. Apr. 18, 2008)." Apple Glen Investors, L.P. v. Express Scripts, Inc., No. 8:14-cv-1527-T-33EAJ (M.D. Fla. April 15, 2016) (Judge Hernandez Covington)(relying on the "interests of justice" to render ruling).