UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA RING,

    Plaintiff,

v.                              Case No.: 8:19-cv-00772-VMC-JSS

BOCA CIEGA YACHT CLUB, INC.,

    Defendant.
_____/

DEFENDANT'S MOTION
TO MODIFY THE CASE SCHEDULING ORDER
TO EXTEND THE PARTIES' EXPERT DISCLOSURE,
DISCOVERY, AND DISPOSITIVE MOTION DEADLINES BY 30 DAYS

In accordance with Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4), Defendant Boca Ciega Yacht Club, Inc. ("BCYC") respectfully moves this Court to modify the current Case Management and Scheduling Order to extend the parties' expert disclosure, discovery, and dispositive motion deadlines by 30 days on the following grounds:

1. While Plaintiff's Motion to Quash is pending, BCYC is effectively precluded from obtaining Ms. Ring's complete medical records in this case filed under the Americans with Disabilities Act;

2. With only three pages of medical records produced by Ms. Ring on hand, BCYC is precluded from retaining experts in this case or completing discovery in time to meet the parties' current expert disclosure and discovery deadlines;

3. Granting the requested extension will neither impede the progress of this action, nor result in any prejudice to Plaintiff, and is necessary to prevent substantial injustice to BCYC's case.

The extension of time sought by BCYC will not prejudice Plaintiff, who opposes this Motion, but would also stand to benefit from the requested extension. Further, the requested

extension will not have any measurable impact on the progress of these judicial proceedings. Accordingly, Defendant BCYC respectfully requests that this Court modify the Case Management and Scheduling Order to extend the parties' deadlines as follows:

| | |
|---|---|
| **Parties' Expert disclosures** | **November 22, 2019** |
| **Discovery** | **December 20, 2019** |
| **Dispositive/Daubert Motions** | **January 17, 2020** |

The requested extension will not delay these proceedings, nor will it substantially affect the Case Management Schedule prescribed by this Court.

## **MEMORANDUM OF LAW**

### A. BACKGROUND

This action arises from Plaintiff Samantha Ring's claims that BCYC failed to accommodate her alleged disability by refusing to allow her to bring her claimed service animal—a Border Collie mix named Piper—into the BCYC Clubhouse, then retaliated against her by expelling her from membership after she filed an administrative complaint with the Pinellas County Office of Human Rights (PCOHR). In her Second Amended Complaint, Ms. Ring asserts claims for discrimination and retaliation under the Americans with Disabilities Act and the Florida Civil Rights Act, and alleges negligence per se under Section 413.08, Florida Statutes [Dkt. 47]. BCYC separately moved to dismiss the Second Amended Complaint [Dkt. 48].

On April 26, 2019, this Court entered the parties' Case Management and Scheduling Order, setting the following deadlines:

**Parties' Expert Disclosures:**                                   **October 23, 2019**

**Discovery Deadline:** November 20, 2019
**Dispositive Motion Deadline:** December 18, 2019

[Dkt. 17, p.1].

BCYC now moves to extend these three deadlines by 30 days, on the basis that it can neither retain experts nor complete discovery until Ms. Ring's complete medical records are obtained.

Since the commencement of this action, BCYC has exercised due diligence in investigating Ms. Ring's claims. On May 14, 2019, BCYC propounded initial discovery requests on Plaintiff, requesting information and documents relevant to Ms. Ring's claimed disability status. On June 21, 2019, Ms. Ring served responses to these discovery requests, indicating that she had requested reasonable accommodations from the public school where she was employed in her answers to BCYC's interrogatories, and producing exactly three pages of medical records in response to BCYC's request for production after characterizing BCYC's requests for medical records as "an unwarranted annoyance, embarrassment, and [is] oppressive." These details of Ms. Ring's discovery responses are set forth in BCYC's Opposition to Plaintiff's Motion to Quash Subpoenas to Non-Parties [Dkt. 41].

On August 2, 2019, following the impasse of conciliation efforts with the PCOHR, the undersigned served proposed non-party subpoenas on Ms. Ring's counsel. On August 13, 2019, Ms. Ring's counsel objected to the subpoenas, and counsel conferred at length for the next six days in an effort to resolve this issue privately. These efforts having failed, on August 20, 2019, Plaintiff filed a Motion to Quash Subpoenas to Non-Parties, which BCYC opposed

on the record on September 3, 2019 [Dkt. 36, Dkt. 41]. Plaintiff's Motion to Quash remains pending.

On October 15, 2019, the undersigned conducted the deposition of Ms. Ring,[1] who confirmed that she had not received copies of her own medical records since she had served her responses to BCYC's first request for production,[2] asserted that BCYC had already subpoenaed her records and should have her records on hand, and then denied even being aware that BCYC had not been able to subpoena her records in this action.

While Plaintiff's Motion to Quash is pending, BCYC is effectively precluded from serving any subpoenas to obtain Ms. Ring's records. With only three pages of medical records produced by Ms. Ring on hand, BCYC is unable to fully evaluate Ms. Ring's contention that she is a person with a disability within the meaning of the ADA, let alone retain any experts to challenge that contention.

---

[1] Ms. Ring's deposition transcript is not yet available to the undersigned.

[2] On one of the three pages of medical records produced in discovery, Ms. Ring included the following typewritten note, which she acknowledged on the record that she had written:

> Sunflower allergy was not listed here-it has only been within the last few years that sunflower seeds have become a popular additive to foods. This is from St. Anthony's –**I am waiting for full records to come in**-this at least shows Bee Allergy.

> Dkt. 41-4, p. 3 (emphasis added).

When asked in deposition whether her full records had come in based on this note, Ms. Ring testified that BCYC had subpoenaed her records, so that BCYC should have her records on hand. Ms. Ring then denied being aware that BCYC had not been able to subpoena her records.

There is no dispute that Ms. Ring has placed her physical and mental condition at issue in filing suit under the ADA. Indeed, Ms. Ring must establish that she is a person with a disability in order to prevail on her claims. Despite the centrality and crucial evidentiary status of Ms. Ring's medical records in the context of this case, BCYC has effectively been precluded from obtaining these records, and can take no action to obtain them even now. For the foregoing reasons, the requested 30-day extension of time must be granted to prevent substantial harm to BCYC's case.

The relief sought in this motion—a brief extension of time of 30 days in duration, only applied to the parties' expert disclosure, discovery, and dispositive motion deadlines—is solely designed to ensure that BCYC is not precluded altogether from retaining experts and fully investigating Ms. Ring's claimed disability status in this ADA case.

### B. ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this Circuit, "[a] party seeking the extension of an already expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard*, 606 Fed. App'x 940, 944 (Mar. 31, 2015). Since the parties' current expert disclosure, discovery, and dispositive motion deadlines have not yet expired, BCYC must only show good cause. Because BCYC can show both good cause and excusable neglect under the circumstances of this case, this Court should grant the brief extension of time requested by BCYC.

  1. <u>Defendant has shown good cause</u>

To establish good cause, a party must show that "the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

Here, BCYC first sought to obtain information and documents pertaining to Ms. Ring's claimed disability status through traditional discovery requests, which were served on May 14, 2019 [Dkt. 41]. When this first effort failed, BCYC sought to subpoena Ms. Ring's records, and counsel engaged in good faith discussions for six days to resolve Plaintiff's objections to the scope of the subpoenas before Plaintiff's Motion to Quash was filed [Dkt. 36, Dkt. 41]. On September 3, 2019, BCYC timely responded to the Motion to Quash [Dkt. 41]. This done, BCYC awaited a ruling on Plaintiff's Motion. While Plaintiff's Motion to Quash is pending, BCYC is precluded from serving the proposed subpoenas.

"In an ADA suit, medical records are discoverable." *Taylor v. Bradshaw*, No. 11-80911-CIV, U.S. Dist. LEXIS 163721 at *13 (S.D. Fla. Nov. 14, 2014) (citation omitted). In bringing claims against BCYC under the ADA, Ms. Ring placed all of her medical conditions at issue in this case from the outset. On this basis, BCYC expected to be able to serve the subpoenas fairly quickly. Instead, Plaintiff's Motion to Quash is still pending, and BCYC is precluded from serving any subpoenas at all. This development was unforeseeable to BCYC on the date that the parties' Case Management and Scheduling order was entered.

This Court has broad discretion in controlling the course of discovery under Federal Rule of Civil Procedure 26, and though it has the authority to extend a discovery deadline for good cause shown, it is under no obligation to do so. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292, 1306-1307 (11th Cir. 2011). "A discovery ruling will not be

overturned unless it resulted in substantial harm to the appellant's case." *Liu v. Univ. of Miami Sch. of Med.*, 693 Fed. App'x 793, 800 (11th Cir. May 19, 2017) (citing *Josendis*, 662 F. 3d at 1307 (11th Cir. 2011)).

There is no question that substantial harm will result to BCYC's case if the requested extension is denied. Indeed, the records sought by BCYC through the proposed subpoenas go to the heart of Ms. Ring's claimed disability status, which is one of the most important issues at stake in this action. Without any of Ms. Ring's medical records on hand save for the three pages that were produced in discovery,[3] BCYC is precluded from retaining experts, fully evaluating Ms. Ring's claims, or mounting an adequate defense against those claims. Because Defendant has shown good cause, this Court should grant the requested extension.

2. <u>Defendant has shown excusable neglect</u>

To establish excusable neglect, this Court must consider all pertinent circumstances, including "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration omitted).

First, it is difficult to envision how Plaintiff might be prejudiced if the requested relief is granted. The parties' expert disclosure, discovery, and dispositive motion deadlines would only be extended by 30 days, and the remainder of the deadlines would remain in place. Ms.

---

[3] Dkt. 41-4.

Ring would be able to benefit from the requested extension to the same degree as BCYC as this action progresses.

Second, the delay at issue—30 days—is minimal, and extending these deadlines will not have any measurable impact on these judicial proceedings. Third, the time discrepancy that BCYC seeks to remedy in requesting this extension was completely outside the reasonable control of BCYC. This is an ADA case. It was utterly unforeseeable that BCYC would not have any of Ms. Ring's medical records on hand on the eve of the parties' current expert disclosure deadline, less than a month before the projected close of discovery on December 18, 2019.

BCYC certainly does not seek to delay these proceedings, and does not now seek to modify this Court's original Scheduling Order except to the smallest extent that is needed to cure the substantial harm and unfair prejudice that would befall BCYC if it could not obtain Ms. Ring's records at all in this ADA case. Because BCYC has shown excusable neglect, this Court should grant the requested limited extension of time.

## C. CONCLUSION

For all of the foregoing reasons, BCYC appeals to this Court's discretion in granting the requested extension of time.

Dated this 22nd Day of October, 2019.

s/Elisabeth A. Fontugne
BRIAN D. RUBENSTEIN
Florida Bar No.:  16997
ELISABETH A FONTUGNE
Florida Bar No.:  115954

## **LOCAL RULE 3.01(g) CERTIFICATE**

In good faith, the undersigned certifies that in accordance with Local Rule 3.01(g), she conferred with counsel for Plaintiff on October 22, 2019. On that same date, counsel for Plaintiff provided written confirmation that Plaintiff would oppose the relief requested in this Motion, by specifically stating: "Plaintiff opposes any modification to the existing Case Management Order, opposition which encompasses any extension of the expert disclosure, discovery, and/or dispositive motion deadlines."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of October, 2019, I filed a true and correct copy of the foregoing document via the CM/ECF system, which will provide written notification to the following: Ms. Marcy I. LaHart, Esq., c/o Marcy I. LaHart, P.A., 207 S.E. Tuscawilla Rd., Minacopy, FL 32667, (352) 545-7001 (T), (888) 400-1464 (F), marcy@floridaanimallawyer.com; and Ms. Deneze Venza, c/o Venza Law, PLLC, 931 Village Blvd., #905-322, West Palm Beach, FL 33409, (561) 596-6329 (T), dvenza@venzalawpllc.com.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Boca Ciega Yacht Club, Inc.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9324
Facsimile (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail: elisabeth.fontugne@csklegal.com
Alternate e-mails: patricia.toney@csklegal.com
hollis.simmons@csklegal.com


By:   s/ Elisabeth A Fontugne
       BRIAN D. RUBENSTEIN
       Florida Bar No.: 16997
       ELISABETH A FONTUGNE
       Florida Bar No.: 115954