UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA RING,

    Plaintiff,

v.                          Case No. 8:19-cv-772-T-33JSS

BOCA CIEGA YACHT CLUB, INC.,

    Defendant.

_____/

**ORDER**

This matter comes before the Court in consideration of Defendant Boca Ciega Yacht Club's Motion for Reconsideration (Doc. # 71), filed on November 20, 2019. Plaintiff Samantha Ring responded in opposition on November 25, 2019, (Doc. # 77), and Boca Ciega Yacht Club ("BCYC") filed a reply on December 6, 2019. (Doc. # 88). For the reasons that follow, the Motion is denied.

**I.   Legal Standard**

When, as here, a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact."

1

Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

**II. Discussion**

In its Motion, BCYC asks the Court to reconsider its November 7, 2019, Order granting in part and denying in part BCYC's Motion to Dismiss Ring's Second Amended Complaint. (Doc. # 61). In that Order, the Court allowed Counts I through III of Ring's Second Amended Complaint to continue, but BCYC only takes issue with the Court's ruling as to Count III – Ring's claim that BCYC violated the Florida Civil Rights Act ("FCRA"). (Id.; Doc. # 71).

In its Motion for Reconsideration, "BCYC only seeks reconsideration of this Court's Order in relation to a single

2

error: Equating the [county human-rights agency's] letter issued in relation to Ms. Ring's charge with a reasonable cause determination made by the [state] Commission." (Doc. # 71 at 5). BCYC argues that the Court's Order modifies the Florida Legislature's grant of statutory authority to the Florida Commission on Human Relations (the "Commission"), bypasses the FCRA's notice requirements, and artificially expands the jurisdiction of the county humans-rights office while restricting the statutory jurisdiction of the Commission. (Id. at 1, 5-18).

Reconsideration is not warranted here. The question of whether Ring exhausted her administrative remedies under the FCRA and the correct interpretation of that statute has dominated this case since Ring added her FCRA claim in June 2019 as part of her Amended Complaint. See (Doc. # 27). The parties submitted voluminous briefs and exhibits on the topic in relation to BCYC's Motion to Dismiss the Amended Complaint and its first motion for reconsideration. See (Doc. ## 28, 33, 38, 42). The parties briefed this topic again as part of BCYC's Motion to Dismiss the Second Amended Complaint, and the Court held a hearing on that motion on October 28, 2019, at which hearing the Court made it clear to the parties that it was giving the FCRA issue serious thought and

3

consideration. (Doc. ## 48, 53, 54). After allowing the parties a chance to resolve this case at mediation, which was unsuccessful, the Court then entered a 36-page order on BCYC's Motion to Dismiss the Second Amended Complaint. (Doc. # 61). In sum, the parties have had every opportunity to present their arguments on this topic to the Court, and the Court has given the issue due consideration.

Now, BCYC moves for the Court to reconsider its previous Order with respect to its ruling on Ring's FCRA claim. But all of the arguments forwarded by BCYC in its instant Motion are arguments that BCYC either presented or could have presented to the Court in its Motion to Dismiss, in response to Ring's argument at the October 28, 2019, hearing, or even after the hearing. See Michael Linet, 408 F.3d at 763 (explaining that a Rule 59 motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). What's more, BCYC fails to explain how the Court's ruling on what BCYC admits is an issue of first impression could be a "manifest error" of law. See Anderson, 567 F. App'x at 680. And even if the Court could consider BCYC's arguments on reconsideration, nothing in the Motion alters the Court's opinion as explained in its Order on BCYC's Motion to Dismiss.

In short, BCYC has not pointed to an intervening change in the controlling law, any new evidence, or a manifest error of law or fact. Rather, BCYC takes issue with the Court's reasoning and interpretation of the FCRA in its prior Order. See Madura v. BAC Home Loans Servicing L.P., 851 F. Supp. 2d 1291, 1296 (M.D. Fla. 2012)("'[A] motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning.'" (quoting Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 WL 1053691, at *4 (M.D. Fla. Mar. 30, 2005))). Accordingly, reconsideration pursuant to Rule 59(e) is inappropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Boca Ciega Yacht Club's Motion for Reconsideration (Doc. # 71) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of December, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE