UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA RING,

        Plaintiff,

vs.

                                  Case No. 8:19-cv-00772-VCM-JSS

BOCA CIEGA YACHT CLUB, INC.,

        Defendant.

_____/

**PLAINTIFF'S MOTION TO STRIKE SOME OF DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Plaintiff, SAMANTHA RING ("RING" and/or "Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) and 8(c), and moves the Court for entry of an Order striking the Defendant's, BOCA CIEGA YACHT CLUB, INC.'s ("BCYC" and/or "Defendant"), Affirmative Defense Nos. 1, 2, 3, 6, 7, 8, 9, and 10 asserted as part of BCYC's Answer [DE 102] to Plaintiff's Third Amended Complaint [DE 100]. In support, Plaintiff submits the following Memorandum of Law:

**I.    PERTINENT PROCEDURAL SUMMARY**

On March 29, 2019, RING filed a federal complaint pursuant to Title III of the Americans with Disability Act, 42 U.S.C. § 12181, *et seq.* [hereafter "ADA"], stemming from unlawful discrimination by BCYC against her, a person with disabilities. (Complaint and Demand for Jury Trial, DE 1 at ¶1 ("the Complaint").) BCYC, a social and sailing group, violated the ADA by refusing to allow RING -- then a BCYC club member -- to be accompanied by her service dog, Piper, when such was necessary to afford Plaintiff equal access to BCYC's

clubhouse as any non-disabled member. *Id.* BCYC then expelled RING for having exercised her civil rights when she challenged the discrimination. Third Amended Complaint [DE 100].

After various amendments to the Complaint and attacks on those variations, the operative pleading is the Plaintiff's Third Amended Complaint [DE 100], which, after BCYC's Motion for Reconsideration [of the denial of its previous attacks on Plaintiff's Complaint] was denied [DE 95], BCYC filed Defendant's Answer to Plaintiff's Third Amended Complaint, Affirmative Defenses, and Demand for Jury Trial [DE 102] (hereafter referred to as "Answer"). Although BCYC filed Defendant's Answer to Plaintiff's Second Amended Complaint[] and Affirmative Defenses [DE 75] asserting Affirmative Defenses to which RING apprised BCYC were deficient and/or otherwise invalid, BCYC only partially remedied the deficiencies in its Answer to Third Amended Complaint. *Cf.* Affirmative Defenses asserted in DE 75 to Affirmative Defenses asserted in DE 102.

Accordingly, for the reasons explained *infra*, Plaintiff moves to strike Affirmative Defense (hereafter "AD") Nos. 1, 2, 3, 6, 7, 8, 9, and 10.

## II.  LEGAL ARGUMENT

### A.  LEGAL STANDARD

An affirmative defense admits to the allegations of the complaint, but avoids liability by "asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). To successfully plead an affirmative defense, the Defendant must allege ultimate facts, not mere legal conclusions.

A party may move the court to strike an affirmative defense from a pleading if it is insufficient as a matter of law, redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). An affirmative defense is insufficient as a matter of law if, taking as true any facts that

2

support the defense, it is nevertheless impossible for the defendant to succeed. *Equal Employment Opportunity Commission v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Phrased differently, a defense is insufficient as a matter of law and should be stricken if it is patently frivolous on its face or if it presents no substantial questions of law or fact. *First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, No. 08–81356–CIV, 2009 WL 2169869, at *2 (S.D. Fla. July 20, 2009); *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).

An affirmative defense is a defense, which "admits the essential facts of a complaint and sets up other facts in justification or avoidance*." Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986). The purpose of an affirmative defense is to give the opposing party notice of an issue so that the party is prepared to properly litigate the issue. *See Hassan v U.S.P.S.*, 842 F.2d 260, 263 (11th Cir. 1988). "[A]lthough an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions.'" *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F.Supp.2d 1360 (S.D. Fla. 2011) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

An important purpose of striking an insufficient affirmative defense is that weeding out insufficient defenses early on avoids unnecessary wasting of time and money in litigating frivolous or unsupported issues. *First Specialty Ins. Corp.*, 2009 WL 2169869, at *2. Broad discretion is afforded to district courts in disposing of motions to strike under Fed. R. Civ. P. 12(f). *Microsoft Corp.*, 211 F.R.D at 683.

In the instant case, for the reasons explained *infra*, the cited affirmative defenses are not actual defenses, are not applicable to this case, and/or otherwise lack factual allegations that even if true, establish the asserted defense. As a matter of law, they should be stricken.

**B.      AD1 MERELY CITES TO OTHER DOCUMENTS, IS NOT SPECIFICALLY PLED, AND IS THEREFORE IMPROPER.**

3

>For its Affirmative Defense No. 1 ("AD1"), BCYC avers:
>
>>BCYC is a private club that is in fact not open to the public, and as such, is exempted from coverage under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(e), so that Title III of the ADA does not apply to BCYC. The factual grounds for this affirmative defense have been presented in BCYC's second supplemental Answers to Plaintiff's Interrogatories and BCYC's responses to Plaintiff's Request for Admissions.

Answer at 16-17.

Federal Rule of Civil Procedure 8(c) governs affirmative defenses: "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." In this District it has been determined:

>[T]here is some question as to whether the pleading standard articulated in *Twombly/Iqbal* applies to affirmative defenses. *Compare Herman*, 2015 WL 12859432, at *3 (concluding that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses), with *Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-CV-232-FTM-38, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007) and stating '[a] pleader must . . . plead enough facts to state a plausible basis for the claim'). Despite this split, this [Middle District] Court has routinely held that 'a defendant is required to plead sufficient relevant factual `allegations connecting the defense to [the plaintiff's] claims in th[e] case.''' *Daley v. Scott*, No. 2:15-cv-269-FTM-29DNF, 2016 WL 3517697, at *2 (M.D. Fla. June 28, 2016) (alterations in original) (citing *Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015)).
>
> Additionally, 'compliance with Rule 8(c) requires a defendant to set forth 'some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint,' so as to provide the plaintiff fair notice of the grounds upon which the defense rests.' *Williamceau*, 2017 WL 2544872, at *1 (quoting *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016)). As a result, "[i]f an affirmative defense `comprises no more than bare bones conclusory allegations, it must be stricken.''' *Merrill v. Dyck-O'Neal, Inc., No. 2:15-CV-232-FTM-38, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 544 (2007),* 2015 WL 4496101, at *1 (quoting *Microsoft Corp. v. Jessee's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

It is axiomatic that general citation to other documents from which the Plaintiff is expected to extrapolate and otherwise guess what "facts in support" the Defendant is proffering,

4

is an impermissible, bare-bones conclusory defense. There is no notice, much less "fair notice" provided by guesswork. *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-705-FTM-38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014) (a defendant must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests).

Moreover, AD1, which necessitates guessing and extrapolating from a multi-page document is, at best, confusing. *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995)(an affirmative defense may be stricken if it may confuse the issues). BCYC's AD1 should be stricken.

    **C.**    **ADs 1, 2, 3, AND 6 ARE NOTHING MORE THAN DENIALS OF ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT, ARE NOT PROPER AFFIRMATIVE DEFENSES, AND SHOULD THEREFORE BE STRICKEN.**

For its **Affirmative Defense No. 1 ("AD1"),** BCYC states:

> BCYC is a private club that is in fact not open to the public, and as such, is exempted from coverage under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a(e), so that Title III of the ADA does not apply to BCYC…;

for its **Affirmative Defense No. 2 ("AD2")**, BCYC states:

> BCYC is a private organization whose members' right to freely assemble and associate for expressive purposes is implicitly guaranteed by the First Amendment to the United States Constitution, and protected from government interference by the Fourteenth Amendment to the United States Constitution…;

for its **Affirmative Defense No. 3 ("AD3")**, BCYC states:

> BCYC is a private organization whose activities are not intertwined with those of the City of Gulfport, so that to BCYC cannot be considered a state actor…;

and for its **Affirmative Defense No.6 ("AD6"),** BCYC states:

> Any adverse action taken by Boca Ciega Yacht Club with respect to Ms. Ring's membership in the Club was based on legitimate, non-discriminatory, non-retaliatory reasons…

Answer at 16-18.

In short, ADs 1, 2, 3, and 6, i.e., asserting BCYC's claimed status as a "private club" and "private organization," as well as its contentions of "legitimate, non-discriminatory" reasons for its actions, are nothing more than denials of allegations in the Plaintiff's Complaint. See *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, No. 10-20347-CIV, 2010 WL 3368664 (S.D. Fla. Aug. 23, 2013) ("[A] a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial.") (quotation omitted); see also *Penman v. Wells Fargo Bank*, N.A., No. 10-81612, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (explaining that courts typically strike a denial incorrectly asserted as an affirmative defense).

ADs 1, 2, 3, and 6 are not proper affirmative defenses, but are more akin to mere denials of plaintiff's right to proceed with the litigation of this case and should therefore be stricken. See *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence."); see also *Whelpley v. Comenity Bank*, Case No. 2:18-cv-433-FtM-99MRM (U.S. Dist. Ct., M.D. Fla, Fort Myers Div.)(July 31, 2018)(Judge John H. Steele).

    **D.**    **ADs 7 AND 8 ARE RE-ASSERTIONS OF BCYC'S MOTIONS TO DISMISS AND ITS MOTIONS FOR RECONSIDERATION WHICH THE COURT HAS ALREADY EXAMINED, RULED UPON, AND REJECTED.**

As its **Affirmative Defense No. 7 ("AD7")**, BCYC states:

> Ms. Ring failed to exhaust her administrative remedies under the FCRA, as she did not wait for 180 days to pass from the date on which she filed her charge of discrimination with the PCOHR before filing suit under the FCRA

and for its **Affirmative Defense No. 8 ("AD8")**, BCYC states:

> Ms. Ring failed to exhaust her administrative remedies under Chapter 70 of the

> Pinellas Ordinance Code, as she voluntarily dismissed her charge of discrimination from DOAH without prejudice before the charge was adjudicated on the merits…[1]

Answer at 18-19. The Court has already ruled, re-ruled, and affirmed its rejection of BCYC's "failure to exhaust administrative remedies" defense and arguments. See, *inter alia*: BCYC's MTD Count IV of First Amended Complaint and Strike Jury Demand [DE 28], Order [DE 32], BCYC's Motion for Reconsideration [DE 33], BCYC's Motion to Dismiss the Second Amended Complaint and Strike Jury Trial Demand [DE 48], Order [DE 61], BCYC's Motion for Reconsideration [DE 71], and Order [DE 95].

AD7 and AD8 are a waste of the parties' and this Court's resources and time and should be stricken. Fed. R. Civ. P. 1; Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

> **E. ADs 9 AND 10 ARE REDUNDANT, BARE-BONES, CONCLUSORY, NOT DIRECTED AT ANY SPECIFIC PORTION OF THE THIRD AMENDED COMPLAINT, AND ARE IMPERMISSIBLE "SHOTGUN AFFIRMATIVE DEFENSES."  MOREOVER, A PRIVATE ENTITY'S PURPORTED "GOOD FAITH" EFFORT TO COMPLY WITH THE ADA IS INAPPLICABLE IN THIS CASE AND ADs 9 AND 10 ARE THUS MEANINGLESS AND SHOULD BE STRICKEN.**

For **Affirmative Defense No. 9 ("AD9")**, BCYC states:

> At all times material hereto, BCYC acted in good faith, with reasonable care, and without malice, malicious intent, or any negative, discriminatory, or retaliatory intent whatsoever, and under an honest belief that it was not subject to any public accommodation laws[;]

and for **Affirmative Defense No. 10 ("AD10")**, BCYC states:

> BCYC acted in good faith and under the advice of counsel in enforcing its By-Laws and policies against Ms. Ring, so that Ms. Ring is not entitled to exemplary damages in this action.

Answer at 19.

---

[1] At a minimum AD8 is redundant of AD7 and, for this reason alone should be stricken.

7

First, ADs 9 and 10 are redundant, and for this reason alone AD10 should be stricken. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

Second, BCYC fails to plead a single fact that, if true, demonstrates its purported "reasonable care," "[absence of] malice," "malicious intent," "honest belief," or the "advice" it was allegedly acting under.[2] "Such a defense, which does not provide any information connecting it to plaintiff's claims, is precisely the type of bare-bones conclusory allegation" that is insufficient under Rule 8(c). *Bartholomew v. Pollack & Rosen, P.A.*, No. 2:15-CV-135-FTM-29, 2015 WL 3852944, at *2 (M.D. Fla. June 22, 2015) (striking boilerplate bona fide error defense); *Schmidt v. Synergentic Commc'ns, Inc*., No. 2:14-CV-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (same)

Third, ADs 9 and 10 are not directed at any specific count or portion of the Third Amended Complaint and are "shotgun affirmative defenses." A defendant must avoid pleading shotgun affirmative defenses, i.e., "affirmative defenses [that] address[] the complaint as a whole, as if each count was like every other count." *Byrne v. Nezhat,* 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015); see also *Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117, 1127 (11th Cir. 2014). Rather, each defense must address a specific count or counts in the complaint or clearly indicate that (and aver how) the defense applies to all claims. See *Byrne,* 261 F.3d at 1129; see also *Lee v. Habashy*, No. 6:09-cv-671-Orl-28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009).

---

[2] Even assuming arguendo that reliance upon counsel negated any element of Plaintiff's case, the AD10 does not identify the substance of any legal advice purportedly relied upon, but rather contains only a bare-bones conclusory allegation, further rendering this defense insufficient.

Finally, "good faith" is not a defense to discrimination under the ADA. BCYC's final attempt to dodge liability is an assertion that it acted in "good faith" and just followed the advice of [legal] counsel" and is therefore not culpable. *See id.* However, because an ADA plaintiff need not prove discriminatory intent for the claims RING has asserted; even if true these allegations do not abdicate Defendant's liability under the ADA, rendering the BCYC's ADs 9 and 10 legally insufficient.

It is well-settled law that a private entity's good faith effort or attempt to comply with the ADA is only applicable in civil actions brought by the Attorney General, and only when considering the amount of civil penalty. 42 U.S.C. § 12188(b)(5); *Access Now, Inc. v. S. Fla. Stadium Corp*., 161 F. Supp. 2d 1357, 1369 (S.D. Fla. 2001). See also *Emerick v. Kahala L & L, Inc.*, CIVIL NO. 97-01174 FIY, 2000 U.S. Dist. LEXIS 7374, at *63-64 (D. Haw. May 16, 2000)("[T]he consideration of a party's good faith effort or attempt to comply with the ADA is only allowed in civil actions brought by the Attorney General when considering the amount of civil penalty. 42 U.S.C. § 12188(b)(5). There is no other mention of judicial consideration of "good faith" within Title III.")

Affirmative Defenses 9 and 10, as pled, have no bearing on this case and should be stricken as factually and legally insufficient.

### III. CONCLUSION

**WHEREFORE,** Plaintiff respectfully request that this Court enter an Order striking Affirmative Defense Nos. 1, 2, 3, 6, 7, 8, 9, and 10 asserted as part of BCYC's Answer [DE 102] to Plaintiff's Third Amended Complaint [DE 100], as delineated *supra,* as insufficient as a matter of law, and grant Plaintiff all such further relief as the Court deems just and equitable, including her attorney's fees and costs expended in addressing.

## CERTIFICATION OF COMPLIANCE WITH RULE 3.01

Pursuant to Local Rule 3.01, undersigned counsel to the Certificate of Service certifies that she has attempted, since January 7, 2020, to confer with opposing counsel in an effort to resolve these issues without Court involvement but has been unsuccessful, to-wit: the undersigned has sent emails to Attorneys Brian Rubenstein and Elisabeth Fontugne on January 7, 9, and 13, 2020, explaining the perceived deficiencies (with legal citation provided in support) and requesting counsel's availability for a conference to discuss and/or otherwise soliciting counsel's position as to whether BCYC would oppose a Motion to Strike the specific Affirmative Defenses which are the subject of the Motion *sub judice*. The undersigned also called both Attorney Rubenstein and Attorney Fontugne on January 11, 2020, but was advised that neither were available. As of this filing, aside from Attorney Rubenstein's email this morning (January 13, 2020) requesting an advance copy of the Motion to Strike, there has been no response.

Respectfully submitted,

| | |
|---|---|
| MARCY I. LAHART, P.A. | VENZA LAW, PLLC |
| s/ *Marcy LaHart* | s/ *Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| (352) 545-7001 | (561) 596-6329 |
| marcy@floridaanimallawyer.com | dvenza@venzalawpllc.com |
| Florida Bar No. 0967009 | Florida Bar No. 0599220 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2020, a true and correct copy of the foregoing PLAINTIFF'S MOTION TO STRIKE SOME OF DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT has been furnished via CM/ECF electronic mail service to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

BY: s/ *Denese Venza*
Denese Venza, Esq.