UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA RING,

      Plaintiff,

v.                        Case No.: 8:19-cv-00772-VMC-JSS

BOCA CIEGA YACHT CLUB, INC.,

      Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION FOR ORDER AUTHORIZING MEDICAL EXAMINATION OF PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 35

In accordance with Federal Rule of Civil Procedure 72, Defendant, Boca Ciega Yacht Club, Inc. ("Defendant" or "BCYC"), hereby files its Objections to Magistrate Judge's Order Denying Defendant's Motion for Order Authorizing Medical Examination of Plaintiff Under Federal Rule of Civil Procedure 35, and requests that the Court modify the most recent case management and scheduling order for the limited purpose of allowing Defendant's expert to conduct the CME of Plaintiff, prepare the expert report within 10 days of completion of the CME and give Plaintiff's counsel the option of deposing Defendant's expert.  In support of the relief requested, Defendant states as follows:

### A.  BACKGROUND AND UPDATED TIMELINE OF EVENTS

    1.  On January 3, 2020, the Magistrate Judge denied Defendant's Motion for Order Authorizing Medical Examination (the "Motion") of Plaintiff Under Federal Rule of Civil Procedure 35, which was filed on December 9, 2019.

2.  Prior to Defendant filing its motion on December 9, 2019, it had been attempting since October 31, 2019, to schedule Plaintiff's Compulsory Medical Examination ("CME") with Plaintiff's counsel.[1]  Plaintiff is a full-time teacher with no availability during weekdays, other than holidays.  Defendant worked diligently to attempt to accommodate her schedule.

3.  The date agreed upon for the CME was within the discovery cutoff period of January 3, 2020.  As discussed below, other alternative earlier dates were offered as well that were during Plaintiff's winter break and accommodated her schedule, but she selected January 3, 2020.

4.  On October 31, 2019, Defendant's counsel requested dates from Plaintiff's counsel for Plaintiff's availability for CME in November or December 2019.

5.  On November 19, 2019, Defendant's counsel again requested dates for CME from Plaintiff's counsel.

6.  On November 20, 2019, Defendant's counsel informed Plaintiff's counsel that an expert, Dr. McClain, was located who would attempt to accommodate Plaintiff's busy work schedule.  Ms. Ring preferred the CME to take place over her Thanksgiving break or winter break, because otherwise she was always working on weekdays.

7.  On November 21, 2019, Defendant's counsel notified Plaintiff's counsel that their expert was available to do the CME on December 5 or 12, 2019.

---

[1] All of the correspondences showing efforts of Defendant's counsel to schedule CME with Plaintiff's counsel were filed with these Objections as Exhibit A.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

8.  On November 21, 2019, Defendant's counsel also informed Plaintiff's counsel that their expert was available for CME on December 10, 2019, as well.

9.  Plaintiff's counsel responded on November 21, 2019, that Plaintiff is a a school teacher and her day does not end until 4 p.m., so she cannot do the CME starting at 4 p.m.

10. Again on November 21, 2019, Defendant's counsel responded by requesting that Plaintiff please provide alternative dates that she is available for CME if December 5, 10 or 12 do not work.

11. Plaintiff's counsel responded on November 21, 2019, that Ms. Ring is available on November 29 or winter holidays which are December 22-January 6.  As a result, Defendant focused on scheduling the CME for those dates.

12. Defendant checked with their expert, and she confirmed that January 2, 2020, would work for the CME with Dr. McClain, and this date was confirmed. This was communicated by Defendant's counsel to Plaintiff's counsel on November 27, 2019.

13. Defendant's original expert it retained, Dr.McClain, then unexpectedly notified Defendant's counsel she could no longer serve as an expert. Defendant's counsel immediately undertook efforts to locate another expert who could conduct the CME.

14. On December 4, 2019, Defendant's counsel told Plaintiff's counsel that a new expert had been located, Dr. Jeffrey Danziger, and he could do the CME on either December 21, 23 or January 3, 2020, which were dates that

3

accommodated Ms. Ring's winter break from school.  January 3, 2020, was the date selected by Plaintiff's counsel for the CME.  Plaintiff's counsel agreed to the date without waiving any objections it had to the CME taking place, and, ultimately Plaintiff did object.

15. Once the date was set for the CME, Defendant filed its Motion Requesting CME with the Court on December 9, 2019, that included the scope of the examination and also the agreed upon start time of the CME on January 3, 2020, at 11:00 a.m.  (Dkt. 90).

16. On December 13, 2019, Defendant served Plaintiff with its expert disclosure report listing Dr. Danziger as an expert and also offered to Plaintiff to file a motion to extend the discovery cutoff to allow for Plaintiff's counsel to depose him after the CME, which was set on January 3, 2020, to accommodate Plaintiff's schedule.

17. On December 27, 2019, the Court set a hearing for January 3, 2020, at 10:00 a.m. (Dkt. 103), which was the same date that the CME was scheduled to take place at 11:00 a.m. as outlined in the Defendant's December 9, 2019, Motion.

18. Given the timing, Defendant's expert, Dr. Jeffrey Danziger, drove from Orlando to St. Petersburg on January 3, 2020, and was ready, willing and able to start the CME at 11:00 a.m. on January 3, 2020, as was the Plaintiff.

19. It was not unreasonable for Defendant to wait until October 31, 2019, to initiate the CME process given the delay in obtaining any medical records regarding the Plaintiff, as outlined below. Defendant should not be forced to go forward

4

with a CME without having adequate medical records and background information to provide to its expert.

20. On May 14, 2019, Defendant propounded initial discovery requests on Plaintiff, requesting information and documents relevant to Plaintiff's claimed disability status.

21. On June 21, 2019, Plaintiff responded to Defendant's discovery requests, but produces only three pages of medical records in response to BCYC's request for production in this Americans with Disabilities Act ("ADA") case.

22. On August 2, 2019, Defendant serves proposed subpoenas for Plaintiff's medical records on Plaintiff's counsel.

23. On August 20, 2019, After good faith efforts on the part of counsel for the parties to reach agreement on the scope of Defendant's subpoenas, Plaintiff files a Motion to Quash BCYC's subpoenas [Dkt. 36].

24. On September 3, 2019, Defendant timely responds to Plaintiff's Motion to Quash [Dkt. 41].

25. October 23, 2019 - Plaintiff serves expert disclosures, identifying Andres Santayana, MD as her medical expert in this case.

26. On October 31, 2019, an Order is entered on Plaintiff's Motion to Quash, which was filed on August 20, 2019. During that time waiting for the Order to be entered, Defendant could not get any of the medical records.

27. After the October 31, 2019, Order is entered, Defendant is able to subpoena the Plaintiff's medical records. That same day the Order is entered, Defendant

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

requests that CME be scheduled.  Thjs will give time to Defendant's expert to be able to review medical records, once they are obtained, and then conduct CME.

28. On November 5, 2019, Plaintiff's counsel provides a partial sample, numbering 22 pages, of Dr. Santayana's records for Ms. Ring to counsel for BCYC.

29. On November 21, 2019, Defendant files another Motion to Modify the Case Scheduling Order to Extend the Parties' Expert Disclosure, Discovery and Daubert Motion Deadlines, and requests that the Expert Disclosure deadline be extended until January 30, 2020, and discovery deadline be extended until February 22, 2019, given the unique circumstances. (Dkt. 74).  Defendant did previously have an extension granted on November 7, 2019, as well to extend discovery and expert report deadline to November 22, 2019, and December 20, 2019, previously, and then moved for the most recent extension on November 21, 2019, after the parties agreed on the January 2, 2020, CME date based on Ms. Ring's work schedule.

30. In Defendant's November 21, 2019, Motion, it advised the Court that it has been diligently attempting to schedule the CME and that the CME is likely to take place on January 2, 2020, which is the date that was agreed to by the Parties at that time to accommodate Plaintiff's work schedule.

31. Notwithstanding the above, on December 3, 2019, the Court extended the deadline for disclosure of expert reports to December 13, 2019, and the discovery deadline until January 3, 2020, instead of the dates requested in

Defendant's November 21, 2019, motion, which would have allowed time for the January 2, 2020, CME and CME report. (Dkt. 83). Based on the limited extension, there was reasonably possibility of getting the CME and the Expert CME Report done by the December 13, 2019, especially given Ms. Ring's work schedule and the impracticability of rescheduling the CME and getting a CME report done that quickly. However, Defendant did submit its Expert Disclosure to Plaintiff on December 13, 2019, and agreed to provide a CME report after completion of the January 3, 2020, CME, that had already been scheduled, and was within the discovery cutoff.

## B. OBJECTIONS

### Substantial Prejudice will occur if Order is upheld, but can be avoided still before May 2020 trial

Defendant will be substantially prejudiced if it cannot present expert testimony regarding Plaintiff's medical condition, particularly where Plaintiff intends to call its own medical expert, Dr. Santayana. One of the central issues in this case is Plaintiff's alleged disabilities, and whether she has a substantial impairment to major life activity. This prejudice can be avoided before the May 2020 trial by granting the relief Defendant is requesting, which is to reschedule the CME for the earliest mutually convenient date, Defendant's expert will produce CME report within 10 days of the CME and Plaintiff's counsel can depose the expert if they want to.

**Defendant has shown good cause**

The timeline above and the overall record in this case demonstrate that Defendant's counsel has diligently worked to address this issue, schedule the CME and accommodate Plaintiff's work schedule. Defendant has established good cause for requesting this relief.  To establish good cause, a party must show that "the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

Based on the above, Defendant requests that the Court grant Defendant's Objections and grant the relief being requested herein.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of January 2020, I filed a true and correct copy of the foregoing document via the CM/ECF system, which will provide written notification to the following: Ms. Marcy I. LaHart, Esq., c/o Marcy I. LaHart, P.A., 207 S.E. Tuscawilla Rd., Minacopy, FL 32667, (352) 545-7001 (T), (888) 400-1464 (F), marcy@floridaanimallawyer.com; and Ms. Deneze Venza, c/o Venza Law, PLLC, 931 Village Blvd., #905-322, West Palm Beach, FL 33409, (561) 596-6329 (T), dvenza@venzalawpllc.com.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Boca Ciega Yacht Club, Inc.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9324
Facsimile (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Secondary e-mail:
elisabeth.fontugne@csklegal.com
Alternate e-mails: patricia.toney@csklegal.com
hollis.simmons@csklegal.com

By:   /s/ BRIAN RUBENSTEIN
BRIAN D. RUBENSTEIN
Florida Bar No.:  16997
ELISABETH A FONTUGNE
Florida Bar No.:  115954

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX